IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-29-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EVERETTE SAHKAR HARRY, | ) | |
| | ) | |
| Defendant. | ) | |

On June 6, 2011, pursuant to a plea agreement [D.E. 25], Everette Sahkar Harry ("Harry") pleaded guilty to possession with intent to distribute a quantity of MDMA (ecstasy), a quantity of benzilpiperazine (BZP), and a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1). See [D.E. 1, 25]. On September 7, 2011, the court held a sentencing hearing and calculated Harry's advisory guideline range as 92 to 115 months' imprisonment on count one. See [D.E. 34]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Harry to 115 months' imprisonment on count one. See [D.E. 33].

On February 25, 2015, Harry moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 43]. Harry's new advisory guideline range for count one is 77 to 96 months' imprisonment, based on a total offense level of 21 and a criminal history category of VI. See Resentencing Report. Harry requests a sentence of 77 months' imprisonment. See [D.E. 43].

The court has discretion to reduce Harry's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574–75 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam)

(unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Harry's sentence, the court finds that Harry engaged in serious criminal behavior. See PSR [D.E. 27] ¶¶ 4–5. Moreover, Harry is a recidivist drug dealer, has performed poorly on supervision, and has a history of violence. See id. ¶¶ 8–31. Nonetheless, Harry has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report 1–2.

Having reviewed the entire record and all relevant policy statements, the court finds that Harry received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Harry's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10 cmt. n.1(B)(ii). Thus, the court denies Harry's motion for reduction of sentence. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Harry's motion for reduction of sentence [D.E. 43].

SO ORDERED. This 27 day of February 2017.

JAMES C. DEVER III
Chief United States District Judge

2

Case 5:11-cr-00029-D   Document 51   Filed 02/27/17   Page 2 of 2